## KOENINGER v TOLEDO TRUST CO et

Ohio Appeals, 6th Dist, Lucas Co

No 3002.   Decided Dec 24, 1934

Percy F. Taylor, Toledo, for plaintiff.
Yeager, Bebout & Stecher, Toledo, for
defendants.

LEMERT, J, (5th Dist) sitting by
designation.

## OPINION

By OVERMYER, J.

In the Court of Common Pleas a de-

murrer was filed to the petition by the trustees and the widow of donor, on the ground that the petition showed no present necessity for the construction of the will by the court; that the plaintiff has no present interest in any property which the trustee or executor may have in its hands, in as much as the trust agreement, incorporated in the will, made the donor's widow the sole beneficiary during her lifetime, and as she is still living, there is no present or impending controversy requiring the decision of the court, and that no such controversy can arise until the death of plaintiff's mother. The court overruled this demurrer, but in our opinion it should have been sustained. However, this estate has been in litigation since 1928, involving several trials in Common Pleas Court and two in this court, and we will pass on the merits of the controversy raised by the issues here presented.

Counsel for plaintiff stress the case of **Union Trust Co. v Hawkins, 121 Oh St, 159,** as authority for the contention that the two trust agreements must be construed together as one, and as of the date of June 12th, the date of the supplementary agreement. The case cited, however, does not involve a will, and an examination of that case shows material differences from the facts in the case at bar, the question of the incorporation of a trust agreement into a will was not there involved; in that case "the trust agreement made no attempt to make any disposition of property, or to give any control of it beyond the date of the death of the creator."

The plaintiff also relies largely on the case of Atwood v Rhode Island Hospital Trust Co., 275 Fed., 513. The clause in testator's will in that case contained this language:

"I give the residue of my estate to said Trust Company to be disposed of to such person and in such proportions as **I may have instructed or hereafter instruct said Trust Company."**

It does not attempt to incorporate in the will any definite, existing document, as does the will in the case at bar. In the above case that clause was properly held void because it did not contain a definitely ascertainable disposition of the property sought to be devised. The court there specifically found that the will "does not incorporate by reference any existing trust agreement." In fact, an examination of the will in the Atwood case fails to show any reference to any existing document, and leads to the conclusion that if there had been an incorporation by reference, a different conclusion would have been reached. In the Rhode Island case too, the Federal Court, which the case finally reached, used the following significant language:

"It is a cardinal principle in the interpretation of wills to give effect to the intention of the testator. * * * If we were to overrule the decision of the district court in this case and reinstate the decree first entered in this court, it would do violence to the intention of the testator and injury to a considerable number of beneficiaries."

The will in question here has heretofore been before this court as a result of a will contest case which resulted in a directed verdict in Common Pleas Court finding certain items (Item 4 and 5) void. This court reversed the court below for error in so directing a verdict, and in the opinion written by Richards, J., certain language was used which is quoted and stressed in plaintiff's brief herein. **Toledo Trust Co. v Koeninger, 39 Court of Appeals Opinions, Sixth District, unreported, p. 457.** The language referred to is the following:

"The trust agreement executed subsequent to the making of the will does not purport to revoke the will or any part thereof, but at most only has the effect of making certain portions of the will inoperative."

It will be noted, the court does not say it in fact does make portions of the will inoperative, but follows with this significant language:

"So, in the case at bar, the supplementary agreement executed nine days after the will, does not in any sense revoke the will or any portion of it. **If uncertainty arises as to the interests which pass under the will and under the trust agreement, the law provides an appropriate method for construing the instruments and thus determining such controversy,"**

meaning, of course, a will construction case such as we now have.

Having before us the will in question for construction, in connection with the trust agreements, we have considered very carefully the helpful briefs of counsel, and the cases therein cited, together with all the facts involved in this particular case, and

we find no case wherein the exact facts were present. Having in mind the primary purpose of seeking the true intention of the testator, and. carrying into effect that intention so far as the law permits, we are of opinion that the finding and judgment of the Court of Common Pleas was correct, with the exception that the attempted change by the supplementary trust agreement of the testamentary trust, as carried into the will, is entirely void as to both nephews.

. It is true the original trust agreement reserved the right to alter, change or extend that agreement, but when the donor carried that trust agreement into his will he waived this right unless it were done by an instrument complying with the statute of wills.

It was the manifest intention of Gustav Waldner to provide for his widow a safe and comfortable income during her life, and at her death the daughter, plaintiff herein, was to be the sole beneficiary. This was entirely natural and regular. His first trust agreement and his will make full, clear and unmistakeable provisions for the natural objects of his bounty. After the trust agreement and the will were executed, he evidently felt that his two nephews should have been remembered, and he thereupon undertook to modify his will, which included the trust agreement, by modifying the trust agreement which, if the will had not intervened, he would have had a legal right to do. The testator, however, could not alter the will by a supplemental agreement which does not comply with the statute of wills. There is no certification that the witnesses signed in the presence of Gustav Waldner, or saw him sign it, or heard him acknowledge it as a will, or anything purporting to be a will. This question should have been raised in the Probate Court, if at all.

Having been executed subsequent to the making of the will, and attempting thereby to modify the former trust agreement which had already been incorporated into his will, the supplemental trust agreement not complying with the statute of wills, must fail.

We are of opinion that the provisions of Article 3, §C of the original trust agreement do not violate the rule against perpetuities, as argued in plaintiff's supplemental brief. The final distribution of this estate is to take place on the death of a person in being (the daughter) at the testator's death. There is no gift over after the death of the daughter, and it is the apparent intention of the testator that the entire trust estate should be distributed to plaintiff at some time in her lifetime.

A decree is accordingly entered for the defendants in accordance with the above opinion.

LEMERT and LLOYD, JJ, concur.