ROUTSON, APPELLEE, *v*. HOVIS, ADMR., ET AL.,
APPELLANTS.

(Decided June 18, 1938.)

*Mr. Reed B. Dunn, Mr. A. G. Fuller* and *Mr. Richard Simkins,* for appellants.

*Mr. Marion G. Foster* and *Mr. C. A. Blackford,* for appellee.

BY THE COURT. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Hancock county, Ohio. The action is one in equity brought by Allie Routson, widow of John J. Routson, deceased, against H. B. Hovis, administrator of the estate of John J. Routson, Ruth Routson, a minor over the age of fourteen years of age, Albert N. Fast, and Ethel Miller Fast, to set aside a deed of conveyance of certain lands made by John J. Routson

during the period of his marriage to the plaintiff, Allie Routson, to his daughter by a previous marriage, Ethel Miller Fast, without consideration other than love and affection, on the ground that the same constituted a fraud on plaintiff's marital rights.

A trust agreement in writing was entered into by John J. Routson and Ethel Miller Fast contemporaneously with the execution and delivery of the deed mentioned providing that said deed which purported to be an absolute conveyance on its face was executed and delivered upon and subject to certain trusts in said trust agreement specified. While the trust agreement, executed contemporaneously with the deed of conveyance, contained provisions similar to those ordinarily contained in wills creating testamentary trusts, such provisions did not make the trust a testamentary trust, since John J. Routson, the settlor of the trust, both by the deed of conveyance and the trust agreement, fully divested himself of the title thereto and the title thereto vested in the grantee named in the deed and the beneficiaries of the trust upon the delivery of the deed and the execution of the trust agreement in the lifetime and several years prior to the death of John J. Routson, constituting a trust *inter vivos*. Provisions of the character mentioned are as valid in a trust *inter vivos* as they are in a testamentary trust, the time of the vesting of the titles to the corpus of the trust in the beneficiaries thereof being the factor determining the character of the trust. If the title vests during the lifetime of the settlor the trust is a trust *inter vivos* and if the title vests at or following the death of the settlor the trust is a testamentary trust. In the instant case the deed and trust instrument created present vested interests in the beneficiaries, enjoyment thereof alone being postponed until after the death of the settlor by reason of his reserving a life estate in the corpus of the trust, and such postponement did not

alter the character of the trust as a trust *inter vivos.*
40 Ohio Jurisprudence, 176, Section 38.

According to the great weight of authority the view
is taken that the interest of the wife as a statutory
heir or distributee is on the same footing as that of
children; that she·has no vested or *quasi*-vested right
in the husband's property during his lifetime, and that
he may dispose of his property voluntarily though for
the purpose of defeating the wife's right as widow,
provided the disposition is not colorable merely and
is not indicative of some other fraud on her than that
arising from his absolute transfer of the property to
avoid her having interest therein after his death. The
widow's allowance or award given by statute seems
to be a right entitled to special protection, and in the
nature of a creditor's claim against the husband's
estate, and it seems that the husband can not, by a
voluntary transfer of his property in contemplation of
death, defeat her right. 13 Ruling Case Law, 1088,
Section 112.

The disposition of the property by the deed and trust
agreement was not colorable as the instruments ac-
complished exactly that which they purported to accom-
plish in that they vested in the beneficiaries of the
trust, during the lifetime of the settlor, interests in
the property covered thereby and, although made for
the purpose of defeating the right Allie Routson would
have had as widow of the settlor as a statutory heir
or distributee of his estate, were not either actually
or constructively fraudulent.

However, the inchoate right that Allie Routson as
wife of the settlor had to an allowance for a year's
support as widow of the settlor, stands on an entirely
different basis than the inchoate right she had as wife
of the settlor, as a statutory heir or distributee in the
real estate of the settlor, for under the laws of Ohio
the property of the husband is subject to the support
of his wife except where the rights of bona fide credi-

tors intervene and she can not be lawfully deprived of this interest in his property. To this extent she is his creditor. 21 Ohio Jurisprudence, 376, Section 50.

In the case of *Blankenship* v. *Hall,* 233 Ill., 116, 84 N. E., 192, a case involving a state of facts somewhat similar to the case at bar, the court in its opinion says:

"The words 'creditors and others,' in the statute on frauds and perjuries, has generally been liberally construed, the word 'creditors' not being used in a strict technical sense, but applying to all persons having demands, accounts, interest or cause of action. * * * The character of the claim, if it is just and lawful, is immaterial and a contingent claim is as fully protected as one that is absolute. * * * The widow's award provided for in Section 74 of the Administration Act * * * is plainly, by statute, a debt against the estate and the widow a creditor for the amount of the award."

And in this case the court affirmed a finding of the chancellor in the court below giving the widow, as to her award of an allowance for a year's support, a lien on real estate conveyed by way of a gift by her deceased husband some time prior to his death, on the ground that as the inchoate debt of the allowance for a year's support existed at the time the conveyance was made, the conveyance was constructively fraudulent.

There is no evidence in this case tending to prove actual fraud in the execution and delivery of the deed and trust agreement, so the fraud, if any, attending the transaction is wholly constructive.

Following and applying the reasoning of the above authorities and decision, this court holds that the conveyance and trust agreement in the case at bar were constructively fraudulent only insofar as the inchoate right of the widow Allie Routson to an allowance for a year's support from the estate of her husband, John J. Routson, is concerned, and it appearing from the evidence that an allowance for a year's support has

been made by the Probate Court which has not as yet been paid in full, a lien for that part of the amount of such allowance not heretofore or hereafter paid or satisfied out of the personal property of her deceased husband will be decreed and impressed on the real estate conveyed, in the proportion that the value of such real estate bears to the total of the value of such real estate plus the value of the real estate of which the said John J. Routson died seized.

*Decree accordingly.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.