Hart, J.,
 

 dissenting. As it appears to me, the trial court was not called upon to exercise equity jurisdic
 
 *318
 
 tion in this case. The legality, illegality or voidability of the transfer of funds by the defendant husband (hereinafter called defendant) to his children is relevant only as that fact may have bearing upon the question whether the transfer and the intent accompanying it constituted an element of cruelty toward the plaintiff.
 

 Even though the law should permit a husband to give away all his personal property and thus jeopardize the economic security and support of his wife in the event of his death, it does not follow that such conduct on the part of this defendant did not, under these circumstances, constitute mental cruelty toward her. Social and marital obligations cannot be measured by the same yardstick as that applied to the obligations of the civil law. The former carry with them refinements which transcend the mere test of legality.
 

 In passing it may be observed, however, that there is some conflict of authority as to the validity, as between husband and wife, of such transfers, especially as relating to statutory allowances due a surviving spouse. • See 26 American Jurisprudence, 815, 817, Sections 197 and 198;
 
 Routson
 
 v.
 
 Hovis, Admr.,
 
 60 Ohio App., 536, 22 N. E. (2d), 209; 64 A. L. R., 466, annotation;
 
 Newman
 
 v.
 
 Dore et al., Trustees,
 
 275 N. Y., 371, 9 N. E. (2d), 966, 112 A. L. R., 643, and annotation at 649. But as I view it, it is unnecessary to determine in this action the validity of the transfers in question. The only matters directly in issue here are divorce and alimony. All other issues are collateral.
 

 As an inducement to the plaintiff to marry the defendant, the latter truthfully and undisputedly said in effect to the plaintiff: “I have a comfortable home here in Spencerville furnished with everything we need, and I have accumulated enough money to provide for all our needs as long as we live. I have $10,000 in the bank and it should be enough for us.”
 

 
 *319
 
 After the- plaintiff, upon these representations as to future financial security, had served the defendant as wife and homemaker for 16 years and until she had reached the age of about 72 years, the defendant secrectly and without her knowledge transferred practically the entire bank deposit of $10,000, which constituted the bulk of his estate, beyond the control of his wife and beyond the hope of any future participation by her therein, regardless of her future needs.
 

 There is no question here as to the legality of the transfers as between the defendant and his children. Furthermore, it matters little, so far as the issues of this action are concerned, whether, as between the plaintiff and the defendant, the transfers were lawfully made. The fact remains that the defendant had pauperized himself, not through any ill luck or unfortunate business transaction, but deliberately and in contemplation of death for the purpose of reducing the assets of his estate and the plaintiff’s right to participate therein to the full extent of his ability as originally represented to the plaintiff.
 

 Under these circumstances, the trial court found, and in my judgment was warranted in finding, that the transfer of assets by the defendant to his children undermined plaintiff’s economic security, was a fraud upon her rights and constituted gross neglect of duty on the part of the defendant; and that the transfer, leaving both plaintiff and defendant dependent for their future needs upon the caprices of his children, removed plaintiff’s reasonable economic expectation, created mental uncertainty and fear for her future and imposed upon her a contingent economic burden in case defendant’s children failed him, all in such manner as to constitute extreme cruelty upon the part of the defendant. The court further found upon the facts that the defendant was guilty of gross neglect of duty and extreme cruelty, and that the plaintiff was entitled to
 
 *320
 
 a divorce and to an award of alimony in the sum of $3,000.
 

 This being the finding as to facts and law, I do not think this court is warranted in weighing the evidence and in overruling the discretion and judgment of the trial court on these issues. The further findings of fact and judgment of the court may have been, and perhaps were, beyond the jurisdiction of the court in this case, in the absence of service of summons on the new parties. If a decree for alimony should not be paid, then further proceedings in another action may be taken to sequester the funds of the defendant to satisfy the alimony judgment.
 

 In my view, the judgment of the Court of-Appeals should be reversed and that of the Common Pleas Court affirmed as to the decree of divorce and alimony, but otherwise modified as herein suggested.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.