TRAPP ET, PLAINTIFFS, *v.* TRAPP, A. K. A. MARIE GUADALUPE TRAPP, ET, DEFENDANTS.

Common Pleas Court, Montgomery County.

No. 120174.   Decided May 22, 1962.

*Messrs. Curtner, Brenton & Selva,* for plaintiffs.
*Mr. Hugh H. Altick,* for defendants.

McBride, J.   The plaintiffs, Lewis and Norman Trapp, sons of the decedent, join as plaintiffs in this case and separately set forth an action to contest a will dated November 28, 1956, and a second cause of action to set aside a deed, dated April 26, 1961, conveying real estate, and a bill of sale of the same date conveying personal property.

It is noted that in the second cause of action the plaintiffs

seek to set aside two separate instruments without facts supporting the existence of a single "transaction.," under Section 2309.05 (A), Revised Code.

The "proponents" of the will filed a demurrer for misjoinder of causes of action numbered one and two and for want of capacity of the plaintiffs in the second cause of action. The question is before the court on reconsideration of a decision on the demurrer.

Section 2309.05, Revised Code, provides that the plaintiff may unite several causes of action in the same petition * * * when they are included in any of the following classes:

"(A) The same transaction;

"(B) Transactions connected with the same subject for action; * * *"

The amendment of November 9th, 1959, did not change subdivisions (A) or (B) of this section.

Sub-section (A) has no application. A will executed in 1956 and a deed and bill of sale executed in 1961 did not arise out of the same transaction.

Over the years sub-paragraph (B) of Section 2309.05, Revised Code, has been the subject of considerable discussion and few determinative decisions. It is broad and comprehensive. It cannot be applied without defining the terms.

Transaction can be accepted in the same meaning in which it is used in sub-paragraph (A). Its meaning is limited to a single transaction or activity. The transaction may be long or short in time, but it must be complete in itself.

Sub-paragraph (B) accepts the plural form of transaction, indicating that more than one transaction may be joined in the petition if these activities are *"connected with the same subject for action."*

Connection is a loose term not to be confused with causation. It requires some factual or physical union or association between the transactions and the "subject for action."

The expression "subject for action," has provoked more comment and fewer decisions than any of the other language in this section. It does not refer to the nature of the relief but rather to the subject matter involved in the proceeding. It is clear that the expression refers to the object (subject matter) and not to the nature nor to the objective of the action.

The purpose of this sub-section seems to be to permit the joinder of actions involving several transactions relating to the same subject matter. Taken alone, this section permits any number of actions to be joined if they relate to the same subject matter, however it is qualified by Section 2309.06, Revised Code, which requires that each transaction and cause of action "must affect all the parties to the action."

In the instant case the subject of the second cause of action is a transaction involving specific real estate as well as a transaction involving specific personal property. The subject of the first cause of action is the validity of a will.

A will contest is an independent statutory action and does not involve the determination of rights to specific property. Section 2741.01, Revised Code. In such action the court cannot make any order construing the will or determining ownership. 41 Ohio Jurisprudence, 445.

The plaintiffs take the position that the subject matter in both causes of action is the mental condition or the capacity of the decedent to execute either instrument. Their decision to join the two causes appears from their briefs to be based upon a similarity of evidential factors which are conditions essential to the relief requested in both causes of action. The subject matter in an action is determined by the issues and not by multiple evidential factors.

The subject of an action is an existing right, the enforcement of which gives rise to another right to bring suit or file a cause of action to obtain a judicial decision. The subject may be tangible, as the right to real or personal property, or it may be intangible as a right to privacy or a right not to be negligently injured. *Railroad* v. *Hollenberger*, 76 Ohio St., 177. The distinction between the subject of an action and a cause of action is clear when we realize that all rights are dependent for their enforcement upon a right of action. The distinction was more familiar to the common law when the enforcement of rights of action was more circumscribed. The more liberal treatment of causes of action under code pleading tends to confuse the distinction between the right itself (subject matter of the action) and the right to institute an action (cause of action). In the instant case there is no similarity of rights to be enforced. The right to cancel a deed and the right to invalidate

a will, executed five years earlier, involve different rights and different subjects for judicial action.

Sub-sections (F) and (G) of Section 2309.05, Revised Code, authorize the joinder of actions to recover personal and real property respectively with other similar or related causes of action. These two sub-sections have no application to either cause of action set forth in this petition.

In the instant case the subject matter and the parties in the two separate actions are not the same and therefore they cannot be joined under either Section 2309.05, Revised Code, or under Section 2309.06, Revised Code.

The demurrer is sustained. Whether the plaintiffs are proper parties in the second cause of action to cancel the deed may be resolved in a separate suit. For the same and other reasons the motion against the language of the separate causes is not considered at this time.