HAGEMAN, APPELLANT, *v.* CLEVELAND TRUST CO. ET AL., APPELLEES.

(No. 33060—Decided November 29, 1974.)

*Mr. Richard F. Stevens,* for appellant.

*Mr. Ray L. Miraldi,* for appellee Cleveland Trust Co.

*Mr. David B. Lopez,* for appellee Deaconess Evangelical Hospital.

*Mr. Charlton B. Schnell,* for appellee Dwight Hageman and Nancy Green.

*Mr. David B. Lopez* and *Mr. D. R. Goldthorpe,* for appellee St. Peters United Church of Christ.

*Mr. Virgil C. Burgett* and *Mr. Paul W. Brown,* attorney general, for appellee F. Marion Koppenhafer.

MANOS, J. This is an appeal from an order of dismissal of an action filed in the Common Pleas Court to set aside a trust agreement executed by Katherine Hageman, since deceased, and under the terms of whose will, the

residue of her estate was devised and bequeathed to The Cleveland Trust Company as Trustee under the aforementioned agreement. The action below was brought by plaintiff-appellant Howard C. Hageman, brother and heir at law of the decedent who is also a named beneficiary in the trust agreement, but was otherwise disinherited under the settlor's will.

Plaintiff-appellant brought an action in the Common Pleas Court of Lorain County to set aside the will, but that action was dismissed for failure to commence it as prescribed by statute at that time because no precipe for service of summons was filed within the statutory period for filing a will contest for one of the defendants. That judgment was affirmed by the Court of Appeals of Lorain County and a motion to certify was denied by the Ohio Supreme Court. The instant action was filed while the will contest was pending.

The court below dismissed this action on two stated grounds, viz:

1. The will and trust agreement are closely related and must be considered together; therefore the dismissal of the will contest bars the instant action.

2. A disinherited heir has no standing to set aside an inter vivos trust into which there is a pour-over of the estate unless the will is also set aside.

The only error assigned is that the judgment of the Common Pleas Court should be reversed because it is contrary to law.

Extensive briefs filed by the parties to this appeal are more confusing than enlightening for want of a clear analysis and a positive identification of the trust as either an inter vivos or a testamentary trust. The waters have been further muddied by the loose and dubious use of the term "incorporated" in connection with the trust agreement and the will. It would not be as helpful to follow and discuss each of the arguments contained in the briefs as it would be to spend time in considering carefully the nature of the trust which is the subject matter of this action.

We begin with the definition of terms. An inter vivos trust is one created during one's lifetime and hence it

must be in existence at the time of the settlor's demise. A testamentary trust is created by a will and therefore it comes into existence after the settlor's death. Prior to the enactment of R. C. 2107.63 an Ohio testator could not devise or bequeath property to an inter vivos trust without incorporating its terms in the will. A change in the trust agreement subsequent to the execution of the will did not affect the trust incorporated in the will, unless such changes were added by codicil (See *Koeniger* v. *The Toledo Trust Co.* (1934), 49 Ohio App. 490, 3 Ohio Op. 345). The enactment of R. C. 2107.63 eliminated this duplication by expressly authorizing bequests to the trustee of a trust identified in the will irrespective of the date on which the will is executed. That section further provides that property so devised or bequeathed ''shall be added to and become a part of the trust estate'' and ''the termination of such trust or its entire revocation prior to the testator's death, shall invalidate such devise, bequest or appointment to such trust.'' This language forces the conclusion that the beneficiary trust must be in existence at the time of the testator's death: and if it is not the bequest fails for want of a taker. It follows as a corollary that R. C. 2107.63 has no application to a trust created by the will of the settlor (*Knowles* v. *Knowles* (1965), 4 Ohio Misc. 153).

All arguments as to whether the Trust Agreement was or was not incorporated into the will and whether the trust is testamentary or inter vivos are dispelled by the language of the will, viz:

*Item III.* I give devise and bequeath all the residue of my property, of whatsoever character and wheresoever situate, to The Cleveland Trust Company, of Cleveland, Ohio, as entered into with the said The Cleveland Trust Company, as Trustee, under date of the 11th day of June, 1969, to be held, managed and disposed of in accordance with the terms and provisions of said Trust Agreement as the same may exist at the time of my death.

This language clearly relates to a trust then in existence and not to one which would come into being later. It speaks of the Trust Agreement ''I have heretofore entered

into" and to its provisions "as the same may exist at the time of my death" The intent of the testator is clear, and the devise and bequest in that item is to the trustee of her inter vivos trust. By no stretch of the imagination can it be held that the testator intended to create a testamentary trust and any argument to the contrary must be treated as being without merit (*Linney* v. *Cleveland Trust Co.* (1928), 30 Ohio App. 345 and R. C. 2107.05).

R. C. 2107.63 incorporates the doctrine of Independent Legal Significance, the application of which is well stated in *Knowles* v. *Knowles* (1965), 4 Ohio Misc. 158.

As applied to a living trust, the doctrine means that a testamentary "pour-over," or addition, to the living trust will be valid and operative even as to modification made after the execution of the will. The modification need not conform to Section 2107.03, Revised Code (Method of making will), and no codicil is necessary. In other words, the trust has an "independent significance."

This doctrine necessarily invalidates the first conclusion of the court below, viz: "that both documents are closely related and must be construed together." On the contrary these documents must be considered separately and independently in determining the validity of either. In the instant case the invalidity of the will would not invalidate an existing trust: and the invalidity or termination of the trust would not invalidate the will. The real issue here is whether there is a beneficiary with legal capacity to take the devise and bequest under Item III of the will. The crux of the matter is that the statute authorizes a pour-over only into an *existing trust*. It therefore follows that the existence of a valid trust is of paramount importance for otherwise the bequest in Item III fails for want of a taker. This issue was not and could not have been determined in the will contest even if the case had been tried on its merits. The legal conclusion is that under the provisions of the statute then existing no action to contest the will was ever commenced. Irrespective of decisions in other states, a will contest in Ohio is a statutory action which cannot be *adjudicated* by joining it with other issues. Patently there would be no point in raising issues

relating to individual items or specific provisions before the validity of the will has been determined. (*McVeigh* v. *Fetterman* (1917), 95 Ohio St. 292; *Mears* v. *Mears* (1864), 15 Ohio St. 90; *Irwin* v. *Jaques* (1904), 71 Ohio St. 395; *Trapp* v. *Trapp* (1962), 90 Ohio Law Abs. 74, 20 Ohio Op. 2d 345.) There can be no application of the doctrine of res judicata in this case and the court below erred in so holding.

While it is true that the invalidity of the will would obviate the necessity to consider whether there is a legal beneficiary who can take under Item III, it does not follow that the validity of the will eliminates this issue. Actually no one is attacking the validity of the bequest in Item III which all agree is just as valid as the rest of the will. What needs to be determined is whether the trust referred to in the will meets the requirements of R. C. 2107.63. If it does not it would seem that the trustee should be the party most concerned.

From the foregoing it must follow that the second stated basis for the judgment below is also erroneous. There are obviously other matters which need to be considered before a final answer can be given. This court has not been called upon and does not pass upon the necessity or sufficiency of trust res, the propriety of the action brought or the relief prayed for, or the legal capacity of the plaintiff to bring the action or the trustee to take under the residuary clause of the will, except as hereinabove stated. We are constrained to point out that the issues to be determined in this action do not duplicate and cannot affect the validity of the will nor do they constitute a collateral attack on the judgment of its validity by admitting it to probate. The instant case is in no sense "a second cause of action" to the will contest but must be and is herewith limited solely to the trust.

Accordingly the judgment of the Common Pleas Court dismissing the complaint is reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SILBERT, C. J., and JACKSON, J., concur.