**In re: Bruce A. ELEY and Martha M. Eley, Debtors.**

No. 02–39028.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 7, 2005.

Ruth A. Slone, Dayton, OH, for Debtors.

## DECISION OF THE COURT GRANTING DEBTORS' OBJECTION TO FINAL REPORT OF TRUSTEE AND REQUIRING TRUSTEE TO RETURN FUNDS TO DEBTORS

LAWRENCE S. WALTER, Bankruptcy Judge.

This matter is before the court on the Debtors' *Objection to Final Report of Trustee* [Doc. 47]; the Trustee's *Response to Objection to Trustee's Final Report* [Doc. 48]; Debtors' *Hearing Brief* [Doc. 52]; the *Response Hearing Brief of Trustee* [Doc. 54]; the Debtors' *Reply to Response Hearing Brief of Trustee* [Doc. 55]; and the *Stipulation of Facts* with exhibits [Doc. 53].

### *FACTUAL AND PROCEDURAL BACKGROUND*

The chapter 7 trustee, John Paul Rieser ("Case Trustee"), filed his *Final Report and Account* ("Report") on March 30, 2005 [Doc. 44] reporting distributable assets of $6620.54, including $2957.11 attributable to Debtors' "Key Bank Irrevocable Trust for Eley Children" (the "Trust"). Debtors objected to the Case Trustee's Report due to the inclusion of the funds from the Trust as distributable assets. Following the Case Trustee's filed response to the objection, the court held a limited non-evidentiary hearing on June 23, 2005 during which the court ordered a briefing schedule and stipulation of facts. The parties have now completed all filings in accordance with the court's order and the court is prepared to render its decision.

The facts in this instance are derived entirely from the pleadings and the *Stipulation of Facts*. Debtors filed their voluntary petition on November 26, 2002. On their schedule B, they listed as an asset a "Key Bank Irrevocable Trust for the Eley Children." Mrs. Eley is a beneficiary of the trust which contains language in Sec-

tion 6 restricting alienation of that beneficial interest. Section 6 reads as follows:

*SECTION 6. ALIENATION OF INTEREST*

The interest of any income beneficiary of the trust shall not be anticipated, alienated, encumbered nor in any other manner assigned by any such beneficiary unless such beneficiary first shall have obtained the consent of the Trustee. Such interest shall not be subject to any legal process, bankruptcy proceedings or the interferences or control of creditors, spouses, or divorced spouses, or other unless the Trustee shall consent thereto, and if for any reason any such interest shall, or except for this provision would vest in or be enjoyed by any person, firm or corporation other than such beneficiary without such consent, then the Trust herein expressed concerning such interest shall cease as to such beneficiary, and thereafter the Trustee may pay to such beneficiary or expend for his or her maintenance, support and eduction [sic] or that of any person dependent upon such one, out of such interest, such sums only as the Trustee in its absolute discretion shall deem proper, and the Trustee shall retain any unexpended portion of such interest, as part of the principal of the trust estate.

By letter dated February 3, 2003, the Case Trustee made demand upon Key Bank (the current trustee of the Trust) to make future income and discretionary disbursements from the Trust to the Case Trustee. Likewise, the Case Trustee demanded that the Debtors turnover any and all future disbursements they might receive from the Trust. Key Bank refused the Case Trustee's demand, but continued to make periodic postpetition disbursements to Mrs. Eley who, in deference to the Case Trustee's demands, relinquished the funds totaling $2957.11. Debtors later demanded return of the funds, the Case Trustee did not comply, and Debtors ultimately objected to the Case Trustee's Report bringing the matter before the court for resolution.

## LEGAL ANALYSIS

 Property deemed to be property of the estate and therefore rightfully demanded by a bankruptcy trustee, is defined by 11 U.S.C. § 541. That section states in relevant part that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1). The referenced exception at subsection (c)(2) excludes from the estate property subject to "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2). It is well established that "applicable nonbankruptcy law" refers to state law governing spendthrift trusts, among other things. *Magill v. Newman (In re Newman)*, 903 F.2d 1150, 1152 n. 2 (7th Cir.1990). Spendthrift trusts, generally described as trusts that impose "a restraint on the voluntary and involuntary transfer of the beneficiary's interest in the trust property," are valid and enforceable in Ohio, the state whose laws are controlling pursuant to the terms of the Trust. *Scott v. Bank One Trust Co., N.A.*, 62 Ohio

St.3d 39, 577 N.E.2d 1077, 1081 (1991).[1] With some exceptions, such trusts are effective to bar the beneficiary's creditors or a trustee in bankruptcy from reaching the trust corpus or distributions.

■ In the instant case, the Case Trustee acknowledges that he cannot overcome a valid spendthrift clause, but asserts that the spendthrift clause in question is not self-executing, was not executed, and is therefore not enforceable. [*Response Hearing Brief of Trustee*, p. 2.] Expressed differently, the Case Trustee argues that because the proscription against alienation or other interference by creditors (or inclusion in a bankruptcy estate) contained in the spendthrift clause is subject to the trustee's consent, that proscription is not absolute, and therefore is not effective.

■ To determine whether trustee consent vitiates a spendthrift provision, we must begin with the grantor's intent. *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706, 707 (1993) ("A court's purpose in interpreting a trust is to effectuate . . . the settlor's intent."). That intent can generally be ascertained from the express language of the trust unless the language is ambiguous. *Id.* at 708. Based upon the plain and unambiguous language of the spendthrift provision, the grantor's predominant, if not exclusive, intent was to preserve trust assets from the beneficiary's creditors, including bankruptcy trustees. This understanding of the plain language is further buttressed by the fact that substantially similar language has been commonly construed to constitute an enforceable spendthrift clause. *See, e.g., Id.* at 709; *In re Schauer*, 246 B.R. 384, 386 (Bankr.D.N.D.2000). Such clauses tend to be almost generic and even the Case Trustee does not seriously question

the overall intent of the provision in this case.

Instead, the Case Trustee makes a technical argument, in effect maintaining that the grantor's obvious intent should be ignored because the enforcement of the spendthrift provision is subject to the trustee's discretion. Even if this court were to ignore the grantor's intent, the Case Trustee's argument would still fail. Leaving enforcement of the spendthrift provision to the trustee's discretion, at most, does nothing more than convert the trust to a discretionary trust that likewise prevents creditors and bankruptcy trustees from accessing trust assets. *Domo*, 612 N.E.2d at 710 (spendthrift provision converted to discretionary trust upon filing of creditor's bill effective to protect trust assets from creditor). Neither the grantor nor the beneficiary can force the trustee of the Trust to give its consent, and clearly a creditor or bankruptcy trustee cannot do so. The fact that the trustee has discretion to distribute the funds contrary to the spendthrift restrictions in no way undermines the fundamental operation of the provision to protect the trust assets from the reach of anyone but the beneficiary. *See In re Vogel*, 78 B.R. 192, 195 (Bankr. N.D.Ill.1987) (debtor's trust fund subject to wife's consent as trustee held to be valid spendthrift trust under Illinois law and excluded from property of the estate). Furthermore, while the Case Trustee has cited no case law support for his theory, at least one Ohio court has reviewed precisely the same trust language and found that it constituted an enforceable spendthrift trust under Ohio law. *Society Bank N.A. v. Cayuga County Department of Social Services*, 1993 WL 65747 (Ohio Ct.App. March 10, 1993).

1. The *Scott* decision overruled *Sherrow v. Brookover*, 174 Ohio St. 310, 189 N.E.2d 90 (1963) that had rendered spendthrift trusts invalid in Ohio.

The Case Trustee's second argument is that the trustee has actually given its consent to inclusion of the Trust distributions in property of the estate. Essentially, the Case Trustee asserts that despite the trustee's written response refusing to make trust distributions to him and declaring that Mrs. Eley's interest in the Trust had terminated, the trustee's subsequent disbursal of trust funds directly to Mrs. Eley contradicted that response and constituted the trustee's consent. The Case Trustee's argument is defeated by the language of the Trust itself that specifically authorizes the trustee's actions. In the unlikely event that anyone other than the beneficiary were able to obtain a right to the Trust assets, the Trust is to convert to a discretionary trust such that subsequent payments to the beneficiary are entirely at the discretion of the trustee rather than by entitlement:

> [I]f for any reason any such interest shall, or except for this provision would vest in or be enjoyed by any person, firm or corporation other than such beneficiary without such consent, then the Trust herein expressed concerning such interest shall cease as to such beneficiary, and thereafter the Trustee may pay to such beneficiary or expend for his or her maintenance, support and eduction [sic] or that of any person dependent upon such one, out of such interest, such sums only as the Trustee in its absolute discretion shall deem proper.

Such provisions are sometimes referred to as "protective provisions" or "protective trusts" and are unnecessary in states where spendthrift trusts are enforced. *Domo*, 612 N.E.2d at 709 n. 1. In the instant case, where the spendthrift provision is enforceable, and the trustee has not given its consent, there is clearly no need for a forfeiture of the beneficiary's interest and substitution of a discretionary trust to protect the trust assets. Nevertheless, as

discussed above, such a discretionary trust is equally effective to thwart creditors or a bankruptcy trustee and authorized discretionary disbursements by the trustee to the beneficiary clearly do not signify the trustee's consent to the Case Trustee's interception of the funds.

■ Absent a defective spendthrift provision or the consent of the trustee, there appears to be no basis on which the Case Trustee could claim the postpetition Trust disbursements as property of the estate. As previously noted, property of the estate, with some exceptions, consists of "interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The only potentially applicable exception is found at 11 U.S.C. § 541(a)(5)(A) that pulls into the estate:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> (A) by bequest, devise, or inheritance[.]

11 U.S.C. § 541(a)(5)(A).

■ Postpetition distributions from testamentary trusts containing valid spendthrift provisions have been recovered as part of the bankruptcy estate pursuant to this subsection. *See, e.g., Birdsell v. Coumbe (In re Coumbe)*, 304 B.R. 378 (9th Cir. BAP 2003); *In re Hunter*, 261 B.R. 789 (Bankr.M.D.Fla.2001). Under Ohio law, a testamentary trust is one that vests at or following the death of the settler whereas an *inter vivos* trust is created and becomes effective during the lifetime of the settler. *Hageman v. Cleveland Trust Co.*, 41 Ohio App.2d 160, 324 N.E.2d 594, 596 (1974) *rev'd on other grounds,* 45 Ohio St.2d 178, 343 N.E.2d 121 (1976); *Routson*

*v. Hovis,* 60 Ohio App. 536, 22 N.E.2d 209, 210 (1938). The instant Trust is an *inter vivos* trust in that it was created and effective during the original grantor's lifetime. An *inter vivos* trust does not come within the scope of the terms "bequest, devise, or inheritance" set forth in § 541(a)(5)(A). Pursuant to Ohio law, all of those terms pertain to disposition of property by reason of the death of the owner. *See,* Ohio Rev.Code § 2107.011; *Park National Bank of Newark v. Dillon,* 165 N.E.2d 829, 831 (Ohio Ct.Com.Pl. 1959). Consequently, § 541(a)(5)(A) does not allow postpetition distributions from an Ohio *inter vivos* spendthrift trust to become property of the beneficiary's bankruptcy estate. *Newman,* 903 F.2d at 1153–54 ("Congress did not include income payments of *inter vivos* spendthrift trusts within the 180–day post-filing period provision"); *Schauer,* 246 B.R. at 387–88 (postpetition *inter vivos* trust distributions excluded from bankruptcy estate pursuant to North Dakota law).

### CONCLUSION

The court holds that the spendthrift trust (and any resulting discretionary trust) in this case is valid and enforceable under Ohio law. The Trust corpus and postpetition distributions to Mrs. Eley are excluded from property of the estate by 11 U.S.C. § 541(c)(2). The authorized actions of the trustee in refusing the Case Trustee's demand for payment and subsequently making distributions to Mrs. Eley do not constitute consent to the payments becoming property of the estate. As distributions from an *inter vivos* trust, the postpetition payments to Mrs. Eley do not become part of the estate under 11 U.S.C. § 541(a)(5)(A). For these reasons, the Debtors' objection to the final report of the Case Trustee is sustained and the Case Trustee is Ordered to return the sum of $2957.11 and any accrued interest thereon

to the Debtors and to accordingly file an amended final report.

**SO ORDERED.**