DECISION.
In these consolidated appeals, plaintiffs-appellants, beneficiaries of an inter vivos trust established by the late Charles H. Dater, appeal from the trial court's dismissal of their complaint against defendant-appellee the Charles H. Dater Foundation, an Ohio charitable trust. In three assignments of error, appellants claim that the foundation's trustees exerted undue influence on Dater, causing him to alter his estate plan. They assert that the foundation was unjustly enriched as a result of that influence and seek the return of $10 million. The foundation contends that appellants seek only a collateral attack on the orders of the probate court. Because, in reaching its decision to dismiss the appellants' claims, the trial court considered evidentiary material outside the complaint, its entry of dismissal under Civ.R. 12(B)(6) must be reversed.
 Facts
Charles H. Dater had accumulated a fortune of over $50 million. In 1985, Dater suffered a stroke and was referred to the Krone law firm by his broker, defendant Daniel L. Olberding. Dater's estate plan, in existence with the Central Trust Company since 1940, was modified by the creation of the Charles H. Dater Foundation. The foundation's trustees included defendants Paul Krone and his son Bruce Krone, and Olberding and two of his partners, defendants Stanley J. Frank and John D. Silvanti. Paul Krone was named as trustee of the Dater estate.
In January 1990, despite evidence that his mental condition was deteriorating, Dater executed a Second Amendment and Restatement of Trust Agreement that drastically changed his estate plan. Included in the intervivos trust agreement were provisions that funded the foundation, named the five foundation directors as trustees of Dater's inter vivos trust, names the trustees' wives[1] and their children as successor trustees, though none of the trustees was a relative of the settlor, and gave lavish fees to the trustees and their successors.
In September 1997, appellants filed claims against the defendants for fraud, breach of fiduciary duty, professional negligence, tortious interference, and unjust enrichment, seeking to have the amendment to the Dater trust agreement declared invalid.
In June and July 1998, the trial court issued findings of fact and conclusions of law, and dismissed all claims against the foundation. The trial court's entry did not include a finding of no just reason for delay. See Civ.R. 54(B). The court also dismissed most of the other claims against the remaining defendants. After denying appellants' motion for leave to amend their complaint, the court ratified its June 1998 legal conclusions in its amended August 14, 1998, findings of fact and conclusions of law.
In 1999, appellants reached certain confidential settlements with the other defendants in the action. On December 6, 1999, in light of the progress in settlement, the trial court amended its July 1998 entry of dismissal to include a Civ.R. 54(B) certification. After appellants filed a notice of appeal, they dismissed with prejudice all claims against the remaining defendants except the foundation.
 Standing
As an initial matter, the foundation claims that these appeals must fail for lack for a necessary party — the attorney general. Pursuant to R.C. 109.25, the attorney general is a necessary party in proceedings concerning charitable trusts and represents the interests of trust beneficiaries.[2] See State ex rel. Lee v. Montgomery (2000),88 Ohio St.3d 233, 236, 724 N.E.2d 1148, 1151. In its motion to dismiss these appeals, and its response to the second assignment of error, the foundation asserts that the December 7, 1999, dismissal of the remaining defendants, except the foundation, "thereby definitively foreclosed all claims against the Ohio Attorney General," and deprived either the trial court or this court of authority to proceed in this matter. We disagree.
The attorney general was named as a defendant in appellants' original complaint filed on September 18, 1997. The complaint did not assert a claim against the attorney general or the state of Ohio but rather identified the attorney general only as "an interested and/or necessary party." The attorney general was served by certified mail with a summons and the complaint. See R.C. 109.25. On October 14, 1997, the attorney general filed an answer in which she sought to "protect the charitable interests involved herein" but raised no separate claims for relief.[3]
The December 7, 1999, order of dismissal states that "[u]pon application of [appellants] and for good cause shown, all claims against all defendants in this action, except for the Charles H. Dater Foundation, are hereby dismissed with prejudice." (Emphasis added.) No "claim" had been made against the attorney general or the state of Ohio, and thus the order had no effect upon the attorney general's status. She remains a party in accordance with the hearing held before the trial court on December 6, 1999, at which appellants' counsel represented to the trial court that only the foundation and the state of Ohio would remain in the case. All parties present at the hearing assured the trial court that there was no objection to the order of dismissal. Appellants' counsel represented to the trial court that the attorney general had no objection to the dismissal.
 The Motion to Dismiss
In two interrelated assignments of error, appellants contend that, in July 1998, the trial court erred in dismissing their complaint against the foundation pursuant to Civ.R. 12(B)(6). First, they contend the trial court impermissibly converted the foundation's motion to dismiss to a motion for summary judgment, and they next argue that the trial court incorrectly applied a decision of the Ohio Supreme Court to the facts of this case.
A motion to dismiss may be granted only where the party opposing the motion, here, the appellants, is unable to prove any set of facts that would entitle it to the relief requested. See Kenty v. TransamericaPremium Ins. Co. (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863,865-866; see, also, York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 573 N.E.2d 1063. When a court rules on a motion to dismiss for failure to state a claim, the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. See Vail v. Plain Dealer Publishing Co.
(1995), 72 Ohio St.3d 279, 649 N.E.2d 182; see, also, Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756.
When a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted. The court does not assume the role of factfinder. See State ex.rel. Drake v. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40,528 N.E.2d 1253.
When a trial court considers matters outside the pleadings, it effectively converts a Civ.R. 12(B)(6) motion to a motion for summary judgment. As required by Civ.R. 12(B), the trial court must notify all the parties of the conversion to summary judgment at least fourteen days before the time fixed for a hearing, and allow the parties a reasonable opportunity to present evidentiary materials pertinent to the converted motion. See State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94,563 N.E.2d 713; see, also, Petrey v. Simon (1983), 4 Ohio St.3d 154,477 N.E.2d 1285, paragraphs one and two of the syllabus.
Here, in the conclusion section of its June 1998 findings of fact and conclusions of law, incorporated by reference in the July 1998 entry of dismissal, the trial court stated, "The Court on its own has acquired a copy of the case docket and the various filings made in the estate of Charles H. Dater * * * of the Hamilton County Ohio Probate Court."[4]
The trial court scrutinized the probate court file and found[5] that "from the filings in the Dater estate, it appears of record that" Dater's wife signed various waivers and received notice of the right to administer the estate, notice of probate of the will, notice of a hearing on inventory, and notification by certified mail of the hearing on the final account of the Dater estate, and that she had not contested the will. The court next quoted Item IX of the 1990 Dater will, which it had obtained from the probate file, noting that it referred to the 1990 Second Amendment and Restatement of Trust Agreement. The trial court then concluded with the following remarks:
 It is difficult for this Court to understand that in consideration of the various activities in the Dater estate outlined aforesaid, the various waivers executed by Ann C. Dater, the receipt of a copy of Charles H. Dater's will, and the clear statements set forth in Item IX of the Dater Will, how the plaintiff Ann C. Dater can state in her complaint at Paragraph 77 that she never knew of the existence of the Second Amendment until sometime in 1994, especially since Ann C. Dater signed some of the waivers in December, 1993, and the Will of Charles H. Dater clearly reflects and mentions the January 5, 1990 amendment to his Trust. [Emphasis added.]
Therefore, the trial court acknowledged that it had considered more than just the pleadings by its sua sponte review of evidence from the probate court. The trial court did more than merely take judicial notice of entries in another court's docket. See, e.g., State ex rel. Neff v.Corrigan (1996), 75 Ohio St.3d 12, 661 N.E.2d 170; State ex rel. Curchv. Court of Common Pleas of Lorain Cty. (Feb. 12, 1997), Lorain App. No. 96CA006398, unreported. The trial court obtained evidentiary material exparte and employed it as the basis for its dismissal of the complaint. The effect of its actions was to convert the motion to dismiss into one for summary judgment. Indeed, the trial court weighed the evidence thus obtained and used its findings to justify the equities in reaching its decision, when it noted in its findings of fact that "[appellants] have in fact received significantly more financially under the Second Amendment [in 1990] * * * than they would have received prior to the execution of said instruments."
In this case, the trial court gave no notice to the parties of the conversion and did not provide an opportunity to present documentary evidence for the court to consider in determining whether triable issues existed under Civ.R. 56. Consequently the trial court erred in granting the July 1998 motion to dismiss. See State ex rel. Baran v. Fuerst; see, also, State ex rel. Boggs v. Springfield Local School Dist. (1995),72 Ohio St.3d 94, 96-97, 647 N.E.2d 788, 791-792.
In reaching its legal conclusion that the appellants had failed to state a claim upon which relief could be granted, the trial court applied the Ohio Supreme Court's decision in Hageman v. The Cleveland Trust Co.
(1976), 45 Ohio St.2d 178, 343 N.E.2d 121. The trial court, relying upon its sua sponte investigation of the Dater probate file, and its reading of Hageman, concluded that because appellants had not contested the Dater will in probate court, they could not separately proceed against the foundation.
In Hageman, the court held an inter vivos trust to be invalid on the ground that it had not been funded prior to the settlor's death. As an invalid trust, it could not receive assets from the pour-over provision of the settlor's will. The court concluded that because the trust had been incorporated by reference into the will, it could survive as a testamentary trust — subject to challenge only by a will-contest action brought in probate court. The Dater trust, which funded the foundation, is a valid inter vivos trust. Accordingly, Hageman is inapposite to this case.
The first and second assignments of error are sustained.
Appellants next claim, in their third assignment of error, that the trial court abused its discretion in denying their motion for leave to amend their complaint, which was filed on the day of the hearing on the foundation's motion to dismiss. The amended complaint contained seventy-two paragraphs of new allegations with respect to the physical and mental disabilities of Charles H. Dater at the time he executed the new estate plan with the Krone law firm.
In its August 14, 1998, amended findings of fact and conclusions of law, the trial court denied the motion, stating that it had already held that appellants' failure to contest the will precluded any claims against the foundation. The trial court made no finding that the motion was untimely, although the case continued in the trial court for an additional fifteen months, and made no finding of undue prejudice to the foundation. In light of the resolution of the first and second assignments of error, and the mandate of Civ.R. 15(A) that "[l]eave of court shall be freely given," the third assignment of error is sustained. See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 605 N.E.2d 378.
Therefore, the foundation's motion to dismiss these appeals is overruled. The judgment of the trial court granting the Foundation's motion to dismiss is reversed, and this cause is remanded for further proceedings consistent with this Decision.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Defendant Dorothy Krone is a successor trustee following the death of her husband, Paul Krone, in 1995.
[2] The attorney general did not institute or prosecute an action on behalf of the state, pursuant to R.C. 109.24, and has not made any claims against the foundation.
[3] The attorney general has filed a brief as an appellee in this matter. While the attorney general "lacks sufficient knowledge of the facts in this case" to advance a substantive argument, she has not asserted that she had been dismissed as a party in the trial court.
[4] These conclusions were ratified in the trial court's amended August 14, 1998, findings of fact and conclusions of law.
[5] Civ.R. 52 specifically states that findings of fact and conclusions of law are unnecessary for motions made pursuant to Civ.R. 12 and 56.