**Connie RUSHFORD, Plaintiff—Appellant,**

v.

**FIRSTAR BANK, N.A., Defendant—Appellee.**

No. 01–3487.

United States Court of Appeals, Sixth Circuit.

Oct. 28, 2002.

Before MARTIN, Chief Circuit Judge, MOORE, Circuit Judge, and WISEMAN, Senior District Judge.*

WISEMAN, Senior District Judge.

Plaintiff–Appellant Connie Rushford ("Rushford") claims that she is the daughter of the deceased Curtis Fields ("Fields") and is entitled to an inheritance. After losing both a will contest action and a determination of heirship action in state court, Rushford sought a declaratory judgment concerning the trust incorporated by reference in Fields' will in federal court. For the reasons stated herein, we **AFFIRM** the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) based on the doctrine of *res judicata.*

### I.

Rushford was born in 1957 and her birth certificate lists Draxie May Ray ("Ray") as her mother and Ray D. Blair ("Blair") as her father. Ray and Blair were legally married at the time. After winning the lottery, Fields died testate in Franklin County, Ohio on December 30, 1999. His Last Will and Testament (the "Will") stated that he was widowed and without children. The Will named Fields' sister, Juanita Caines, as Executor and placed the residual estate into an *inter vivos* trust (the "Trust"), of which Appellee Firstar

Bank ("Firstar") is the trustee. The Will was admitted to probate on March 2, 2000. Neither the Will nor the Trust mention Rushford.

After Fields passed away, Rushford claims she received an anonymous letter suggesting that she investigate her relation to Fields. Ray confirmed that Fields might be Rushford's father, because of an alleged affair while Blair was in Korea with the military. Determined to prove Fields' paternity, Rushford seeks a DNA test. She also wants to discover the contents of the Trust document, which Firstar has refused to disclose in order to protect the confidentiality of Fields. Rushford admits that she currently has no knowledge of the contents of the Trust document. (Appellant's Brief at 11.)

Rushford filed both a will contest action and a determination of heirship action in the Franklin County Court of Common Pleas, Probate Division. (Jt.App. at 24, 38.) Rushford sought to have the court order the Franklin County coroner to release blood samples of Fields for DNA testing to determine if he were Rushford's biological father. On September 21, 2000, the court dismissed both actions with prejudice. The heirship action was dismissed because the statute of limitations of five years to establish a father-child relationship had run, pursuant to Ohio Rev.Code § 3111.05. The court dismissed the will contest action based on Rushford's lack of standing, because even if Rushford were Fields' illegitimate child, she would not have any pecuniary interest in the estate based on the Will. *Id.* at 136. The Ohio Court of Appeals affirmed these holdings, stating that even if Rushford could prove paternity, she would not be entitled to inherit anything because she could not

---

\* The Honorable Thomas A. Wiseman, Jr., Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

meet the criteria under Ohio law for a child born out of wedlock to inherit from her natural father. *Rushford v. Caines,* 2001 WL 310006, at *2 (Ohio App. March 30, 2001) (unpublished opinion). The court held that no Ohio court had allowed a child to use Ohio Revised Code Chapter 3111 to establish paternity *post mortem* in order to challenge a will or to inherit from the putative father when the father died testate. *Id.* at *3. The court found that "such an approach would be an untoward interference with [the decedent's] rights to plan for and control the disposition of his estate, injecting an element of uncertainty in the proceedings when the decedent is no longer able to participate in the process." *Id.* The Ohio Supreme Court declined jurisdiction and dismissed the appeal as not involving any substantial constitutional question. *Rushford v. Caines,* 92 Ohio St.3d 1444, 751 N.E.2d 482 (2001). The United States Supreme Court denied the petition for writ of certiorari. *Rushford v. Caines,* — U.S. —, 122 S.Ct. 813, 151 L.Ed.2d 697 (2002).

On August 1, 2000, Rushford filed the instant action seeking a declaratory judgment that the Trust is invalid, or, in the alternative, that she is a beneficiary of the Trust under the theory of deviation. (Jt. App. at 5.) The same day, Rushford filed a motion to permit or require blood samples of Fields be sent to a DNA lab for testing, just as she had in the two state court proceedings. Firstar filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), or, in the alternative, to transfer the action to the Franklin County Court of Common Pleas, Probate Division. *Id.* at 12. On March 23, 2001, the district court granted Firstar's motion to dismiss, finding that the attack on the Trust was precluded by *res judicata* and that Rushford lacked standing to contest the Will. *Rushford v. Firstar Bank, N.A.,* No. C–2–00–861

(E.D.Ohio 2001); (Jt. App. at 171.) Rushford filed a timely Notice of Appeal.

## II.

Under Fed.R.Civ.P. 12(b)(6), a complaint is dismissed if it is clear that no relief could be granted under any set of facts that might be proved consistent with the pleadings. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). The complaint is construed in the light most favorable to the plaintiff, and its well-pled facts must be accepted as true. *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The Court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976)). Furthermore, matters outside of the pleadings should not be considered. *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).

A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Heyliger v. State Univ. and Cmty. Coll. Sys.,* 126 F.3d 849, 851–52 (6th Cir.1997). Thus, the preclusive effects of the earlier probate court decisions are governed by Ohio *res judicata* law. Under Ohio law, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." *Rogers v. City of Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387, 1388 (1986). Collateral estoppel applies if (1) the fact or issue was actually litigated in the prior action, (2) the fact or issue was passed upon by a court of competent jurisdiction, and (3) the party against whom collateral estoppel is asserted was a party in privity to the prior

action. *Thompson v. Wing,* 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994).

A district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed *de novo. Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio,* 900 F.2d 882, 885 (6th Cir.1990). This Court also reviews *de novo* a district court's dismissal on grounds of *res judicata. Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992), *cert. denied,* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993).

### III.

■ In her complaint, Rushford first claims that the Trust should be invalidated. There is no question that there was a final judgment in the state court dismissing both the will contest and heirship actions, and that all appeals from those judgments have been completed. The district court based its *res judicata* holding on the judgment in the will contest action. The probate court clearly was a court of competent jurisdiction for the will contest. *See* Ohio Rev.Code § 2101.24(A)(1)(p) (2002).

There is also no dispute that the plaintiff in both state actions as well as this federal one was Rushford. Furthermore, Firstar was a party to the state court actions, albeit designated as "Trustee under a certain declaration of trust dated December 12, 1996, unknown name and address." Although conceding that this title referred to Firstar, Rushford argues that Firstar was only an "incidental" party to the will contest action because state law requires any parties having an interest be joined. *See* Ohio Rev.Code § 2107.73. Rushford does not cite any authority for this proposition, and the more straightforward reasoning would suggest that someone actually listed as a party in the title of the case is in fact a party to that case. Additional-

ly, Rushford argues that she could not have sought a declaratory judgment in the will contest action. As discussed below, however, issues concerning the validity of the Trust were resolved in the will contest action because the Will incorporated the Trust by reference. Rushford had every reason to present all arguments challenging the Trust at the will contest action, and cannot be allowed now to argue those same points in a collateral federal proceeding seeking the same goal: to inherit money from Fields.

Finally, the Court must determine whether the same issues or claims were involved in the will contest action as in the one at bar. State law determines the effect of wills and trusts, as well as the existence or non-existence of a parent-child relationship. *See* Ohio Rev.Code § 2101.24(A)(1)(p) and § 3111.381. Rushford argues that the former action concerned the Will, while the present action concerns the Trust. The sole issue in a will contest action, according to Rushford, is whether the writing produced is a last will or not. *See Hess v. Sommers,* 4 Ohio App.3d 281, 448 N.E.2d 494, 497 (1982). Firstar responds that the issue in both state actions as well as the one at bar is whether or not Rushford is Fields' daughter. The state court determined that Fields' paternity was irrelevant because Fields died testate and the challenge to the Will was already unsuccessful. *Rushford v. Caines,* 2001 WL 310006, at *3 (Ohio App. March 30, 2001) (unpublished opinion).

As the district court recognized, the case most closely on point in Ohio is *Hageman v. Cleveland Trust Co.,* 45 Ohio St.2d 178, 343 N.E.2d 121 (1976). In *Hageman,* the decedent had executed a will and trust agreement prior to her death. *Id.* at 122. After she died, her brother and sole heir contested the will, and that suit was dis-

missed. *Id.* A year later, the brother instituted another suit in a different county contesting the trust and the will, specifically that there had not been any property or money delivered into the trust during the decedent's lifetime, so the trust was invalid. *Id.* The lower court in the second action dismissed the suit, reasoning that the goal of the second suit was to nullify the trust, which would in effect vitiate the will, but that the will could no longer be attacked after the first action. *Id.* The lower court argued that "a disinherited heir has no standing to set aside an *inter vivos* trust into which there is a 'pour over' of the estate from the will unless the will is also set aside .... the issue as to the validity of decedent's *inter vivos* trust cannot be challenged by a disinherited heir and is moot so long as decedent's will remains valid and unchallenged." *Id.* The holding was based on the general principle that the exclusive remedy of a disinherited heir is a will contest. *Id.* Otherwise, the will of the decedent would be nullified. *Id.* The Ohio Court of Appeals reversed this judgment, and the Ohio Supreme Court reversed the court of appeals and reinstated the trial court's judgment. *Id.* at 182, 343 N.E.2d 121. The Ohio Supreme Court held that "even if a valid trust were not established by decedent's trust agreement, the trust agreement document is incorporated by reference into the will." *Id.* The brother could not improve his status by contesting the trust, because the will incorporated the trust by reference and the will had already been upheld in the earlier suit. *Id.* Thus, under Ohio law, a trust agreement incorporated by reference into the will may only be challenged through a will contest. *Id.*; *Yatzeck v. Brown,* 1992 WL 49369, at *3 (N.D.Ohio Jan. 9, 1992) (unpublished opinion).[1]

As Rushford asserts in the case at bar, the will contest concerned the issue of whether or not the Will was valid. Under the principle in *Hageman,* if the Will is valid then so is the Trust incorporated by reference into the Will. Thus, the suit at bar is controlled by the same issue as the prior will contest action in state court. If Rushford cannot challenge the Trust because it is incorporated into the Will, then the declaratory judgment action fails to state a claim upon which relief can be granted. Even if Rushford is the natural daughter of Fields, as the plaintiff in *Hageman* was, she will not be able to challenge the Trust or Will because the Will has already been held valid. Thus, there was no reason for the district court to order DNA testing, because it would be meaningless.

■ Rushford argues that *res judicata* should not preclude jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202. *See Ohio Casualty Ins. Co. v. Marr,* 21 F.Supp. 217, 220 (N.D.Okla.1937), *cert. denied,* 305 U.S. 675, 59 S.Ct. 251, 83 L.Ed. 437 (1938) (dismissing the declaratory judgment complaint,

1. The Ohio Court of Appeals distinguished *Hageman* in *Dater v. Charles H. Dater Foundation,* which involved a suit seeking to have an amendment to an *inter vivos* trust agreement invalidated. 2000 WL 1760261, at *1 (Ohio Ct.App. Dec. 1, 2000) (unpublished opinion). The court found *Hageman* did not control because it had found the *inter vivos* trust to be invalid, but nevertheless found it could survive as a testamentary trust because it was incorporated by reference in the will. *Id.* at *4. In Dater, the *inter vivos* trust was valid, and there was no will involved in the case. *Id.* Thus, *Dater* did not disagree with the holding of *Hageman,* and *Dater* is distinguishable from the case at bar because it did not involve a will incorporating the trust by reference. The thrust of *Hageman* controls the case at bar: there is no reason to allow the trust to be challenged because *even if* it were found invalid standing alone it would nevertheless survive, because it is incorporated by reference into a will which has already been upheld in an earlier suit.

but stating in *dicta* that under the proper facts the *pendency* of a state court case should not affect federal court jurisdiction under the Declaratory Judgment Act). It is well settled, however, that jurisdiction under the Declaratory Judgment Act is discretionary. *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 526 (6th Cir.2001). One situation in which a federal district court should decline jurisdiction is when a decision in a parallel state court action has a *res judicata* effect. See *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282–83, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Coregis Ins. Co. v. Frank, Seringer & Chaney, Inc.,* 993 F.Supp. 1092, 1095 (N.D.Ohio 1997).

### IV.

Rushford's second claim is that she should be declared the beneficiary of the Trust pursuant to the doctrine of deviation. This claim is essentially a challenge to the Will and the Trust as well, and is also barred by *res judicata.* Even if it were not, Rushford does not plead the elements necessary to sustain a claim. Under the doctrine of deviation in Ohio, a court can direct or permit deviation from the terms of the trust if either: (1) compliance is impossible or illegal, or (2) owing to circumstances not known to the settlor and not anticipated by him, compliance would defeat or substantially impair the purposes of the trust. *Daloia v. Franciscan Health Sys. of Central Ohio, Inc.,* 79 Ohio St.3d 98, 679 N.E.2d 1084, 1091–92 (1997) (citing Scott, *Law of Trusts,* § 381, at 323).

Rushford did not allege in the complaint, and there is no evidence to support the assertion, that compliance with the terms of the Trust would be impossible or illegal. (Jt. App. at 5–8.) In fact, Rushford could not make any such assertion because she admits that she does not know the contents of the Trust. The complaint also makes no allegations that compliance with the Trust would defeat or impair the purposes of the Trust because of circumstances not known to Fields.[2] *Id.* Even if Fields did not know all of the circumstances, there is no proof that compliance would defeat the purposes of the Trust. In addition, *even if* Rushford could prove that she is the natural daughter of Fields, she has already lost the will contest action so is not entitled to receive any of the estate.

### V.

Based on the foregoing, the district court's dismissal of Rushford's suit pursuant to Fed.R.Civ.P. 12(b)(6) is **AFFIRMED**.

---

2. In her brief to this Court, Rushford claims that Fields knew that Rushford was his daughter, so if he stated in the Trust that he had no children, then he may have lacked mental capacity to create the Trust. First, this assertion was not made in the pleadings to the district court so was not part of the consideration of the motion to dismiss. In any event, challenging Fields' decision not to leave her anything would once again be a challenge to the Will and the Trust as incorporated by the Will, which is precluded by *res judicata.*