[Cite as *Gehrke v. Senkiw*, 2016-Ohio-2657.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| TIMOTHY J. GEHRKE, et al. | : | Appellate Case No. 26829 |
| | : | |
| Plaintiffs-Appellants | : | Trial Court Case No. 2014-MSC-276 |
| | : | |
| v. | : | (Probate Appeal from |
| | : | Common Pleas Court) |
| PETER SENKIW, et al. | : | |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of April, 2016

. . . . . . . . . .

RICHARD KOLB, Atty. Reg. No. 0016449, 405 Madison Avenue, Suite 1000, Toledo, Ohio 43604
 Attorney for Plaintiffs-Appellants, Timothy Gehrke, Traci Richard, & Kerry Runyeon

T. ANDREW VOLLMAR, Atty. Reg. No. 0064033, and WAYNE E. WAITE, Atty. Reg. No. 0008352, Freund, Freeze & Arnold, Fifth-Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
 Attorneys for Defendant-Appellee, Peter Senkiw, as Trustee

. . . . . . . . . . . .

FAIN, J.

 **{¶ 1}** Plaintiffs-appellants Timothy Gehrke, Kerry Runyeon, and Traci Richard

appeal from a summary judgment rendered against them in the Montgomery County Court of Common Pleas, Probate Division, on their claim for a declaratory judgment seeking to invalidate their aunt's will and trust agreement. For the reasons set forth below, we Affirm.

## I. The Will and Trust Ageement

{¶ 2} The decedent, Maureen Kramariuk, died in February 2014. Prior to her death, she executed several documents disposing of her estate. In 2008, she executed a Last Will and Testament and an Amended and Restated Revocable Living Trust Agreement. The 2008 Will left all tangible personal property to Kramariuk's nephew, Tim Gehrke. The 2008 Trust made some charitable monetary gifts, leaving all the remainder of the Trust to Gehrke.

{¶ 3} In July 2013, Kramariuk executed a new Last Will and Testament (2013 Will), as well as an Amended and Restated Revocable Living Trust Agreement (2013 Trust). Item II of the 2013 Will left her residuary estate to the 2013 Trust. Other than the payments of debts and expenses, the Will made no other bequests. Item II of the 2013 Will provides:

> Residuary Request. I give, devise and bequeath all of my residuary estate, being all property, real and personal, whatsoever situate to the Successor Trustee (hereinafter referred to as the Trustee) of the Amended and Restated Revocable Living Trust Agreement between MAUREEN E. KRAMARIUK, myself, as Grantor, and as Original Trustee, and PETER SENKIW hereinafter referred to as Successor Trustee, dated the 30[th] day

of July, 2013, as may be amended to the date of my death, but actually executed prior to the signing of this, my Will, subject to all the terms and conditions, uses and trusts and powers as contained therein.

**{¶ 4}** The 2013 Trust provided that upon Kramariuk's death, assets would be given to various individuals and charities. The 2013 Trust provided that $75,000 was to be held in trust for the benefit of Gehrke for his use during his lifetime. The residue was given to Elizabeth Kollar, William and Stefanie Krebs, Gregory and Laura Senkiw, Peter, Senkiw, Tricia Senkiw, and Incarnation Church.

**{¶ 5}** On August 5, 2013, Kramariuk executed an amendment to the 2013 Trust (Amendment), which changed the residuary clause to include only Elizabeth Kollar, Peter Senkiw, and Incarnation Church. Kramariuk died on February 10, 2014. Her will was admitted to probate on February 20, 2014.

## II. The Course of Proceedings

**{¶ 6}** On August 5, 2014, Gehrke, along with his sisters, Kerry Runyeon and Traci Richard, brought this action, seeking a declaratory judgment that the 2013 Trust and the Amendment are invalid because Kramariuk lacked testamentary capacity, and was subject to undue influence when she executed them. The complaint also sought to set aside the transfers made under those instruments. Peter Senkiw, individually and as Trustee, filed an answer. Both parties moved for summary judgment.

**{¶ 7}** In his motion Senkiw argued that because the 2013 Trust was incorporated into the 2013 Will, the plaintiffs could not challenge it without also challenging the 2013 Will. He further argued that because there was no suit challenging the will within the

applicable statute of limitations, this suit could not stand. Senkiw also moved to strike affidavits of attorneys Joseph Wittenberg and William McGraw, which were attached to the plaintiffs' motion for summary judgment, arguing that they provide impermissible legal conclusions.

{¶ 8} The probate court, relying upon *Hageman v. Cleveland Trust Co.*, 45 Ohio St.2d 178, 343 N.E.2d 121 (1976), found that the 2013 Will, by virtue of Item II therein, incorporated the 2013 Trust by reference. Thus, the court concluded that the 2013 Trust could not be challenged without also challenging the 2013 Will. The court noted that the statute of limitations for challenging the 2013 Will expired on July 30, 2014, about one week before the filing of the complaint. Therefore, the court held that the plaintiffs' challenge to the 2013 Trust must be dismissed. The court rendered judgment in favor of Senkiw. The court also granted the motion to strike the affidavits.

{¶ 9} The plaintiffs appeal.

### III. The Trust Agreement Is Incorporated in the Will by Reference

{¶ 10} The First Assignment of Error states as follows:

THE PROBATE COURT IMPROPERLY CONSTRUED ITEM II OF MAUREEN'S WILL AS AN INCORPORATION BY REFERENCE CLAUSE.

{¶ 11} The plaintiffs contend that the probate court erred by construing Item II of Kramariuk's 2013 Will as incorporating, by reference, the trust into the will. They argue that this clause constitutes a pour-over clause into an inter vivos trust pursuant to R.C. 2107.63, and that it is clear that Kramariuk did not intend to create a testamentary trust pursuant to the incorporation by reference clause contained in R.C. 2107.05. The

plaintiffs further argue that because the 2013 Trust and Amendment were not deposited into court in a timely manner, they cannot be incorporated by reference.

{¶ 12} This court utilizes a de novo standard of review with regard to summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Id.*

{¶ 13} A pour-over clause is a provision in a will directing the distribution of a decedent's property into a trust. *Black's Law Dictionary* 608 (5th Ed. 1983). "Prior to the enactment of R.C. 2107.63 [Ohio's pour-over clause statute] an Ohio testator could not devise or bequeath property to an inter vivos trust without incorporating its terms in the will. * * * The enactment of R.C. 2107.63 * * * expressly authoriz[ed] bequests to the trustee of a trust identified in the will irrespective of the date on which the will is executed." *Hageman v. Cleveland Trust Co.*, 41 Ohio App.2d 160, 161, 324 N.E.2d 594 (8th Dist. 1974), *overruled on other grounds*, *Hageman v. Cleveland Trust Co.*, 45 Ohio St.2d 178, 343 N.E.2d 121 (1976).

{¶ 14} R.C. 2107.05, Ohio's incorporation-by-reference statute, provides that when the terms of a trust are set forth in a writing existing at the time a will is executed, the terms of the trust can be incorporated into the will for the purposes of creating a testamentary trust. *Id.* The statute requires that: (1) the will refer to the trust as one

already in existence; (2) the will's reference to the trust clearly identifies the trust; and (3) the language in the will demonstrates an intent on the part of the testator to incorporate the trust into, and make it a part of, the will. *Linney v. Cleveland Trust Co.*, 30 Ohio App. 345, 354, 165 N.E. 101 (8th Dist. 1928).

{¶ 15} The question presented here is whether the trial court properly found that the 2013 Trust and Amendment had been incorporated into the 2013 Will by virtue of Item II of the Will. In *Hageman*, 45 Ohio St.2d 178, 343 N.E.2d 121, upon which the probate court relied, Katharine Hageman executed a revocable trust agreement and a will approximately three days before her death. *Id.*, 178. The trust agreement provided that at her death, gifts would be made to charity, and that lifetime benefits would be paid to a close friend. *Id.*, 181. She gave her brother, Howard Hageman, the right to live in a dwelling, rent free, for his life. *Id.* In her will, Hageman used the following residuary clause to grant her residual estate to the Cleveland Trust Company as trustee of the trust:

Item III. I give, devise and bequeath all the residue of my property, of whatsoever character and wheresoever situate, to the Cleveland Trust Company, of Cleveland, Ohio, as trustee under a certain trust agreement which I have heretofore entered into with the said Cleveland Trust Company, as trustee, under date of the 11th day of June, 1969, to be held, managed and disposed of in accordance with the terms and provisions of said trust agreement as the same may exist at the time of my death.

*Id.*, 186.

{¶ 16} Howard Hageman sought to contest the will, but was unsuccessful. He thereafter filed suit to challenge the trust. *Id.*, 178. The trial court dismissed the action,

finding that he had no standing to set aside the inter vivos trust into which a pour-over bequest was made unless the will was also set aside. *Id.*, 179. On appeal, the Eighth District Court of Appeals held that Item III of the will demonstrated a clear intent that the decedent's property go to the trustee of the inter vivos trust, and that it could not be construed as intending to create a testamentary trust. *Hageman v. Cleveland Trust Co.*, 41 Ohio App.2d 160, 163, 324 N.E.2d 594 (8th Dist. 1974). The Supreme Court of Ohio reversed, holding that the language in the residuary clause of the will was sufficient to incorporate the trust by reference pursuant to R.C. 2107.05. *Hageman*, 45 Ohio St.2d 178, 182.

{¶ 17} A comparison of the language used in the *Hageman* will and the language in Item II of Kramariuk's 2013 Will, reveals that they are nearly identical. While we might not otherwise conclude that the Kamariuk Will clearly manifests an intent to incorporate by reference, we conclude that we are bound by the Supreme Court holding in *Hageman*.

{¶ 18} Given the language in *Hageman*, almost identical to the language used in this case, which the Supreme Court of Ohio found sufficient to incorporate a trust by reference into a will, we conclude that the probate court did not err in concluding that Item II of the 2013 Will incorporated the 2013 Trust and Amendment into the will by reference. Therefore, the probate court did not err in holding that, pursuant to *Hageman*, the plaintiffs could not contest the trust without also challenging the will.

{¶ 19} The plaintiffs next argue that because Senkiw failed to deposit the 2013 Trust and Amendment in the probate court within thirty days after the will was probated, as required by R.C. 2107.05, the 2013 Trust was not incorporated by reference into the 2013 Will.

{¶ 20} R.C. 2107.05 provides for an extension of time to deposit a trust for good cause shown.   We disagree with the plaintiffs' claim that the failure to timely deposit the trust requires a finding that it is not properly incorporated.   The Supreme Court of Ohio has indicated that the deposit requirement is satisfied when the incorporated document has been made available to the interested parties.   *Bolles v. Toledo Trust Co.*, 144 Ohio St. 195, 216, 58 N.E.2d 381 (1944), *overruled on other grounds*, *Smyth v. Cleveland Trust Co.*, 172 Ohio St. 489, 179 N.E.2d 60 (1961).   *See also Winkle v. U.S.*, 381 F.Supp. 536, 539 (S.D. Ohio 1974).

{¶ 21} In the case before us, the 2013 Trust and Amendment were not deposited with the probate court within the thirty days following the probate of the 2013 Will. However, as noted by the probate court, there is evidence that the plaintiffs' counsel had copies of the documents some time before July 7, 2014.   Thus, the plaintiffs had notice of the existence of the 2013 Trust and Amendment at least 23 days before the running of the statute of limitations for contesting the Will.   We conclude that the probate court did not err in finding that the purpose of the deposit requirement had been satisfied.

{¶ 22} The First Assignment of Error is overruled.

### IV. The Trial Court Did Not Err in Striking Affidavits
### Setting Forth Legal Conclusions

{¶ 23} The plaintiffs' Second Assignment of Error states:

THE PROBATE COURT ERRED WHEN IT GRANTED THE MOTION TO STRIKE THE AFFIDAVITS OF PLAINTIFFS' EXPERT

WITNESSES.

{¶ 24} The plaintiffs contend that the court abused its discretion by striking the affidavits of their experts that were attached to their summary judgment pleadings. In support, they argue that the affidavits provide factual information explaining the significance of, and the distinction between, inter vivos and testamentary trusts. They also note that both experts conclude that Item II of the 2103 Will is a pour-over clause, not an incorporation-by-reference clause. Senkiw argues that the court acted within its discretion because the expert affidavits offered legal conclusions that are within the exclusive province of the court.

{¶ 25} Evid.R. 702 governs the admission of expert testimony. That rule provides: A witness may testify as an expert if all of the following apply:

(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

(C) The witness' testimony is based on reliable scientific, technical, or other specialized information.

{¶ 26} In general, trial courts should admit expert testimony when it is relevant and when the criteria of Evid.R. 702 are satisfied. *Terry v. Caputo*, 115 Ohio St.3d 351, 2007-Ohio-5023, 875 N.E.2d 72, ¶ 16. However, trial courts have broad discretion to determine the admissibility of expert testimony, which is subject to review only for an

abuse of that discretion. *Donegal Mut. Ins. v. White Consol. Industries, Inc.*, 166 Ohio App.3d 569, 2006-Ohio-1586, 825 N.E.2d 215, ¶ 39 (2d Dist.). A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 27} Evid.R. 704 states that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." The Staff Notes to this Rule state:

> The rule does not serve to make opinion evidence on an ultimate issue admissible; it merely provides that opinion evidence on an ultimate issue is not excludable *per se*. The rule must be read in conjunction with Rule 701 and Rule 702, each of which requires that opinion testimony be helpful to, or assist, the trier of the fact in the determination of a factual issue. Opinion testimony on an ultimate issue is admissible if it assists the trier of the fact, otherwise it is not admissible. The competency of the trier of the fact to resolve the factual issue determines whether or not the opinion testimony is of assistance.

{¶ 28} In this case, the plaintiffs attached the affidavits of two attorneys to their response to Senkiw's motion for summary judgment. Both of the affidavits provide the educational and work experience of the attorneys, with an emphasis on their qualifications as experts in the area of wills and trusts. Both affidavits offer examples of pour-over language and incorporation-by-reference language used by both attorneys in their practices. Finally, both affidavits opined that Item II of Kramariuk's 2013 Will constituted a pour-over provision that did not act to incorporate the 2013 Trust and Amendment by

reference.

**{¶ 29}** Whether the language used in the will met the statutory definition of an incorporation of a trust agreement by reference is an issue of law, to be decided by the trial court. And the issue of whether *Hageman*, *supra*, controlled this legal issue is likewise an issue of law, for the trial court to decide. Which it did.

**{¶ 30}** We conclude that the trial court did not err in striking the affidavits. If the trial court erred in its legal analysis, that is a proper subject of appeal. If the appellate courts also err in this regard, the General Assembly may amend the statute to clarify its intent. At any legislative hearings on this subject, the testimony of experienced probate lawyers might be helpful. The Second Assignment of Error is overruled.


## V. Conclusion

**{¶ 31}** Both of the plaintiffs' assignments of error having been overruled, the judgment of the probate court is Affirmed.

. . . . . . . . . . . .


DONOVAN, P.J., and FROELICH, J., concur.


Copies mailed to:

Richard Kolb
405 Madison Avenue
Suite 1000
Toledo, OH   43604

T. Andrew Vollmar / Wayne E. Waite
Freund, Freeze & Arnold
Fifth Third Center
1 S. Main Street, Suite 1800
Dayton, OH   45402-2017

Todd DeBoe
Office of the Ohio Attorney General
150 E. Gay Street, 23rd Floor
Columbus, OH   43215

John Hilgeman
12 W. Monument Avenue
Suite 100
Dayton, OH   45402

J. Anthony Lehman
443 E. Central Avenue
Miamisburg, OH   45342

Church of the Incarnation
55 Williamsburg Lane
Centerville, OH   45459

U.S. Dept. of Veterans Affairs
1240 E. Ninth Street
Cleveland, OH   44199

Christopher Richard
145 Hilton View Drive
Chapin, SC   29036

David and S. Ann Glover
130 Ashford Drive
Dayton, OH   45459

Gregory and Laura Senkiw
6151 Locust Hill Road
Centerville, OH   45459

Michael Flanagan
Craddenstown Raharney
County W. Meath Ireland

Rev. Lawrence Mierenfeld
c/o Church of the Incarnation
55 Williamsburg Lane
Centerville, OH   45459

Roland and Judy Watts
241 Edgebrook Drive
Centerville, OH   45459

Stephanie Krebs
396 Avon Way
Dayton, OH   45429

Tricia Senkiw
2652 Ferry Road
Bellbrook, OH   45305

Hon. Alice O. McCollum
Montgomery County Probate Court
41 N. Perry Street
Dayton, OH   45422-2155