[Cite as *Winer v. Clay Twp.*, 2017-Ohio-8765.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

EMANUAL H. WINER      :
 :
  Plaintiff-Appellant    :  Appellate Case No. 27565
 :
v.             :  Trial Court Case No. 15-CV-3650
 :
CLAY TOWNSHIP, MONTGOMERY  :  (Civil Appeal from
COUNTY, OHIO, et al.     :   Common Pleas Court)
 :
  Defendant-Appellee   :

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of December, 2017.

. . . . . . . . . . .

KONRAD KUCZAK, Atty. Reg. No. 0011186, 130 West Second Street, Suite 1010, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellant

JEFFREY C. TURNER, Atty. Reg. No. 0063154, KEVIN A. LANTZ, Atty. Reg. No. 0063822, and DAWN M. FRICK, Atty. Reg. No. 0069068, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458
  Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Emanuel Winer appeals from the grant of summary judgment for the defendants, Clay Township and the members of the Clay Township Board of Trustees, on his claim for compensation for the regulatory taking of his property and his declaratory judgment claim that the current zoning classification of the property is unconstitutional as-applied. Finding no error, we affirm.

## I. BACKGROUND

{¶ 2} Winer owns four acres of land located along Dayton-Greenville Pike in Clay Township. He purchased the land in 1992 and built a model home on it as a marketing tool for his home-construction business. The parcel is one of several contiguous parcels in a business district zoned General Business-2 (B-2). When Winer retired in 2013, he found someone who wanted to buy the property and use the model home as a residence. He sought to rezone the property to Planned Development-4 (PD-4) so that the model home could be used and occupied as a residence. He filed a rezoning application with the Clay Township Zoning Commission, which recommended that the property be rezoned PD-4. The Zoning Commission's recommendation went before the Montgomery County Planning Commission, which approved the Zoning Commission's recommendation. The Zoning Commission then affirmed its recommendation and sent the matter to the Clay Township Board of Trustees. The Trustees held a hearing on Winer's application, and in November 2014, they voted to deny the application.

{¶ 3} Over half-a-year later, in July 2015, Winer filed a "Complaint for Declaratory Judgment and Money Damages" against Clay Township and the Trustees. The complaint alleges that the B-2 classification is unconstitutional as-applied to Winer's property and

effects a taking of the property under the Fifth Amendment. The complaint claims that Winer is entitled to compensation under Ohio law and 42 U.S.C. 1983. Also, the complaint asks for an injunction to stop the defendants from "interfering" with Winer's development and use of the property as a PD-4 zoned property. Based on the federal-law claims, the defendants removed the case to federal district court. In July 2016, the district court entered a judgment on the pleadings as to the 42 U.S.C. 1983 claim and remanded the remaining claims back to the common pleas court.

{¶ 4} Both Winer and the defendants filed a motion for summary judgment. On March 1, 2017, the trial court denied Winer's motion and granted the defendants' motion in part and denied it in part. The court rejected the defendants' argument that Winer lacks standing and rejected their argument that the claim for injunctive relief is not ripe. But the court agreed that summary judgment is proper on the takings claim and as-applied constitutional claim.

{¶ 5} Winer appealed, but we dismissed the appeal for lack of a final, appealable order because the claim for injunctive relief still remained. On April 19, 2017, the trial court issued a Civ.R. 54(B) decision, concluding that there was no just cause to delay appeal of its summary-judgment decision. Winer appealed that decision, and that appeal is before us now.[1]

---

[1] Although the claim for injunctive relief is not raised in this appeal, we see no legal claim that would support such relief. The defendants named in the complaint are Clay Township and the three Trustees, not the Board of Zoning Appeals. After citing R.C. 519.14, which in certain circumstances authorizes a township Board of Zoning Appeals to grant variances (R.C. 519.14(B)) or to allow permitted conditional uses (R.C. 519.14(C)), the court concluded that a question remained whether the Trustees could grant a conditional use. Our reading of the complaint refers to a request for rezoning not for a conditional use.

## II. ANALYSIS

{¶ 6} Winer assigns three errors to the trial court. The first assignment of error alleges that the court failed to follow the administrative-appeal procedures in R.C. Chapter 2506. The second alleges that the court should not have considered the affidavit of the defendants' expert. And the third assignment of error alleges that the trial court erred by denying Winer's summary-judgment motion and granting the defendants' motion.

### A. *R.C. Chapter 2506 does not apply.*

{¶ 7} The first assignment of error alleges that the trial court erred by not following R.C. Chapter 2506, which establishes the procedure for appeals from administrative decisions. Specifically, Winer argues that the court failed to apply the statutory standard of review (in R.C. 2506.04) to determine whether the Trustees' decision is adequately supported by the evidence.

{¶ 8} It is apparent from the complaint that this case was intended as an action for declaratory judgment with a request for damages and injunctive relief. The complaint's first paragraph states: "This action is brought under Chapter 2721 of the Ohio Revised Code entitled Declaratory Judgment." The complaint does not mention R.C. Chapter 2506. The trial court does cite this chapter at one point in its decision, but it does so in a case quotation: " 'The constitutionality of a zoning ordinance may be attacked and injunctive relief from its prohibitions obtained in a declaratory judgment action brought pursuant to Ohio Rev. Code Ann. ch. 2506.' " The quotation comes from *Mays v. Board of Trustees of Miami Township*, 2d Dist. Montgomery No. 18997, 2002-Ohio-3303, and this is the only mention of R.C. Chapter 2506 in the opinion. The statute played no part in the holding, the pleadings do not attempt to raise a R.C. Chapter 2506 administrative

appeal and the statutory reference is extraneous and irrelevant.

{¶ 9} Even if this case were intended to be, in part, an administrative appeal, the trial court would not have had jurisdiction over it, because Winer failed to perfect a timely appeal under the statute. R.C. 2506.01(A) provides that an administrative decision may be appealed to a court of common pleas "as provided in Chapter 2505 of the Revised Code." R.C. 2505.04 pertinently provides that "[a]n appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." And R.C. 2505.07 provides that, after the administrative decision is entered, "the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." There is no evidence in the record that Winer ever filed a notice of appeal with the Trustees, let alone filed one within thirty days after the Trustees made their decision. Indeed, Winer filed his complaint half-a-year after the decision was issued. As the Ohio Supreme Court has said, "an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute." *Zier v. Bureau of Unemp. Comp.*, 151 Ohio St. 123, 125, 84 N.E.2d 746 (1949). Invoking jurisdiction demands "[c]ompliance with a requirement that a notice of appeal shall be filed within the time specified." *Id.*

{¶ 10} Because R.C. Chapter 2506 does not apply, the trial court did not err by not applying the standard of review under that chapter.

{¶ 11} The first assignment of error is overruled.

B. *The trial court properly considered the affidavit of the defendants' expert.*

{¶ 12} The second assignment of error alleges that the trial court erred by

considering the affidavit of the defendants' expert, Gregory Dale.

{¶ 13} Winer first argues that by considering Dale's affidavit the court violated R.C. 2506.02 because the affidavit was not before the Trustees when they conducted their hearing, and it could not be added to the record in support of the summary judgment motion. Because R.C. Chapter 2506 does not apply, we reject this argument.

{¶ 14} Winer next argues that opinions in Dale's affidavit are not admissible because they violate Evid.R. 703 and 704. But Winer waived the ability to raise these issues on appeal. He did not object in the trial court to Dale's affidavit or to any of the materials attached to or referenced in the affidavit. The failure to raise such a challenge waives the ability to raise the issues on appeal. *See Credit Invests., Inc. v. Obanion*, 2d Dist. Montgomery No. 26129, 2014-Ohio-5799, ¶ 15. But even if Winer had not waived the issues, we would find no error.

{¶ 15} Evid.R. 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidence at the hearing." Winer says that Dale's opinions are based on his review of nonexistent materials. Dale avers that he considered certain material, including Winer's responses to the defendants' discovery requests, Winer's deposition, and the exhibits to the deposition. Winer says that his responses to the defendants' discovery requests are not in the record and that his deposition is not on file. Winer also says that Dale's opinions are based on materials that Dale did not say he considered in forming his opinions. Dale avers: "The B-2 classification along with the portion of the Comprehensive Plan pertinent to Clay Township reduces the risk of land use conflicts and promotes consistency as is shown by the staff reports provided by the Clay Township Zoning Commission and the

Montgomery County Planning Commission." (Dale Aff. ¶ 17(d)). Winer says that the staff reports are not attached to Dale's affidavit and that, in the affidavit, Dale does not list the staff reports among the materials that he considered to form his opinions.

{¶ 16} All of the documents that Winer mentions—except his deposition, which does not appear ever to have been correctly filed—is in the record. The exhibits to his deposition are there, and among them are Winer's responses to the defendants' interrogatories. As for the staff reports, Dale's reference to them in his affidavit can be understood as his citing additional support for his opinion rather than as the basis for his opinion. Nevertheless, the Clay Township Zoning Commission staff report is attached to the affidavit of Justin Brown, the township's zoning compliance officer. Brown's affidavit is attached to the defendants' summary-judgment motion. Also attached to Brown's affidavit are the Montgomery County Planning Commission's September 11, 2014 meeting minutes, which contain a review of the Commission's staff report.

{¶ 17} Evid.R. 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." We have said that " '[o]pinion testimony on an ultimate issue is admissible if it assists the trier of the fact, otherwise it is not admissible. The competency of the trier of the fact to resolve the factual issue determines whether or not the opinion testimony is of assistance.' " *Gehrke v. Senkiw*, 2016-Ohio-2657, 63 N.E.3d 773, ¶ 27 (2d Dist.), quoting Evid.R. 704, Staff Notes. In his affidavit, Dale states that "[t]he 'B-2' General Business District is not arbitrary and, furthermore, it is reasonable and bears a substantial relation to the public health, safety, morals, or general welfare of the community." (Dale Aff. ¶ 17(a)). He also states that "[a]s shown on the Clay Township

Zoning Map, Plaintiff's property is reasonably zoned 'B-2.' " (*Id.* at ¶ 17(e)). Winer says that these are all legal conclusions that were to be decided by the trial court, which did not need help.

{¶ 18} The question whether the B-2 zoning is reasonable and bears a substantial relation to the public health, safety, morals, or general welfare of the community and the question whether Winer's property is reasonably zoned B-2 are ultimate issues that the trial court was tasked to decide. Based on Dale's education and extensive experience cited in his affidavit, it is clear that he is an expert in the area of land-use regulations. So it is no wonder that the trial court found Dale's opinions helpful to decide these ultimate issues, which it evidently did since it quotes several paragraphs of his affidavit in its decision. Ultimately, though, it was the court that concluded that "[b]ased upon the evidence presented, there is no dispute of fact that the failure to re-zone Plaintiff's property from B-2 to PD-4 was not arbitrary or unreasonable" and concluded that the B-2 zoning "has a substantial relation to the public health, safety, morals, or general welfare." We see little reason why the court could not consider the opinion testimony in Dale's affidavit to arrive at these conclusions.

{¶ 19} The second assignment of error is overruled.

C. *Winer failed to overcome the presumption that B-2 zoning is constitutional.*

{¶ 20} The third assignment of error alleges that the trial court erred by granting summary judgment on Winer's claim that B-2 zoning is unconstitutional as-applied to his property.

{¶ 21} "Zoning is a valid legislative function of a municipality's police powers. Courts should not interfere with zoning decisions unless the municipality exercised its

power in an arbitrary and unreasonable manner and the decision has no substantial relation to the public health, safety, morals, or general welfare." (Citations omitted.) *Jaylin Investments, Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶ 10. "In an 'as applied' challenge to a zoning ordinance, the landowner questions the validity of the ordinance only as it applies to a particular parcel of property." *Id.* at ¶ 12. " 'A zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community.' " *Id.* at ¶ 13, quoting *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207, 690 N.E.2d 510 (1998), syllabus. "The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains 'beyond fair debate.' " *Id.*, citing *Goldberg* at 214.

{¶ 22} The Township presented evidence that the B-2 classification is reasonable and has substantial relation to the public health, safety, morals, and general welfare of the community. Winer presented no evidence to the contrary. But he contends that the rezoning approvals of the Clay Township Zoning Commission and the Montgomery County Planning Commission raise the inference that rezoning the property to PD-4 "is compatible with the goal of protecting the public health, safety, morals, or general welfare of the township and of the entire county." And Winer contends that the approvals raise "the corollary inference that the refusal of the Trustees to re-zone Winer's property was arbitrary and/or unreasonable."

{¶ 23} It is irrelevant whether the rezoning approvals show that rezoning the property to PD-4 is compatible with these goals. Winer is using what the Ohio Supreme Court has called an "inverse analysis, i.e., that if the proposed use meets the

government's legitimate goals underlying the zoning, a municipality may not prohibit it." *Jaylin* at ¶ 18. But this analysis "does not accurately state the issue." *Id*. The Court explained:

> In a constitutional analysis, the object of scrutiny is the legislative action. The zoning ordinance is the focal point of the analysis, not the property owner's proposed use, and the analysis begins with a presumption that the ordinance is constitutional. The analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property.

*Jaylin* at ¶ 18. The rezoning approvals on which Winer relies do not show that the current B-2 zoning is "clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community."

{¶ 24} Winer fails to overcome the presumption that the B-2 zoning is constitutional. Based on the evidence presented, it cannot reasonably be said that, beyond fair debate, the B-2 zoning of Winer's property is "clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." The Trustees were authorized to deny Winer's request for a zoning change. It is not unconstitutional simply to decide not to rezone one parcel of property in a business district, particularly when the owner of the parcel knew of the zoning when he bought the property.

{¶ 25} The third assignment of error is overruled.

## III. CONCLUSION

{¶ 26} We have overruled each of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Jeffrey C. Turner
Kevin A. Lantz
Dawn M. Frick
Konrad Kuczak
Hon. Timothy N. O'Connell